UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**James McNeil**,

    Plaintiff,

v.

**James Walker, et al.**,

    Defendants.

_____

08-CV-02234-SRT

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

and

**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**

    Plaintiff, a state prisoner proceeding *pro se*, has filed a civil rights complaint seeking damages for alleged constitutional violations. The Court dismisses plaintiff's claim with leave to amend.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or which seek

-1-

PDF created with pdfFactory trial version www.pdffactory.com

PDF created with pdfFactory trial version www.pdffactory.com

monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2).

**DISCUSSION:**

McNeil's complaint alleges that R. Redding,[1] an officer at New Folsom Sac-4 prison, "intentionally" hit him "in the bottom of [his] lip" with "his can of pepper spray." Doc. #1, at 3. The "settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment,'" *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (quoting *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)), and the Court is otherwise inclined to order Officer Redding to answer plaintiff's complaint.

However, while plaintiff's complaint identifies the parties involved and alleges that Officer Redding hit him, the complaint lacks any information as to when, or where the alleged assault occurred. A plaintiff must allege acts with at least some degree of particularity; the allegations in a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court finds that, as written, plaintiff's allegations are too vague to properly notify Officer Redding of the alleged violations. Accordingly, plaintiff's claim against Officer Redding is dismissed with leave to amend.

To the extent plaintiff has also sued defendants James Walker, Watson, Cannon, Landers,

---

[1]McNeil has not provided the defendants' first names. Accordingly, the Court will refer to them solely by their last name and first initial, where available.

PDF created with pdfFactory trial version www.pdffactory.com

PDF created with pdfFactory trial version www.pdffactory.com

K.W. Prunty, Porter, Cash, and Hayes, he has failed to connect them to any alleged constitutional violation. A defendant is liable only if he "play[ed] an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). However, McNeil appears to acknowledge that only Officer Redding is a "true defendant." (Doc. #1, at 2). Accordingly, plaintiff's claim against the remaining defendants is dismissed without prejudice. Any amended complaint must affirmatively link these defendants to an alleged violation of plaintiff's constitutional rights.

Plaintiff is advised that an amended complaint supercedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567.

**REQUEST FOR APPOINTMENT OF COUNSEL**

Plaintiff has also filed a request for appointment of counsel. There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in

-3-

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com

"exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court concludes that appointment of counsel is not necessary at this time. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel at this time is DENIED without prejudice. If the Court later decides that appointment of counsel is warranted, then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

**CONCLUSION**

For the foregoing reasons, McNeil's action is dismissed with leave to file an amended complaint. Any amended complaint must provide Officer Redding fair notice of McNeil's allegations. Additionally, any amended complaint must affirmatively connect each remaining defendant to the alleged constitutional violation. Failure to file a second amended complaint by May 15 will result in dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED: April 3, 2009

/s/ Sidney R. Thomas
Sidney R. Thomas, United States Circuit Judge
Sitting by Designation
_____

PDF created with pdfFactory trial version www.pdffactory.com
PDF created with pdfFactory trial version www.pdffactory.com